IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 00-00151 |
| | ) | CIVIL ACTION NO. 03-0782-CB |
| TREMAINE MOULDS, | ) | |
| Defendant/Petitioner. | ) | |

## **ORDER**

This matter is before the Court on a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 by Tremaine Moulds, a person in federal custody.  (Doc. 94.)  In response, the government has filed a motion to dismiss.  (Doc. 110.)  Petitioner was ordered to file a response to the government's motion no later than January 26, 2004.  Several extensions of time were granted, but petitioner never responded.  For the reasons set forth below, the Court finds that the petitioner's motion is due to be dismissed as time barred.

Any motion pursuant to section 2255 must be filed within one year from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Since no other date for finality is suggested, the one-year limitations period must, by default, run from the date conviction became final.

Petitioner's conviction became final on April 8, 2002 when the time for filing a notice of appeal

expired.[1]  *See Maderos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000).  Therefore, the motion was due on or before April 8, 2003.  The instant § 2255 motion was not docketed until November 12, 2003 and is clearly outside the one-year limitations period.[2]

Accordingly, the government's motion to dismiss is **GRANTED**.  It is **ORDERED, ADJUDGED** and **DECREED** that petitioner's motion to vacate, set aside or correct sentence be and hereby is **DISMISSED** with prejudice.

**DONE** this the 23rd  day of May, 2005.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**

---

[1] Judgment was entered on March 29, 2002.  Pursuant to Fed. R. App. P. 4(b)(1), petitioner had ten days from that date to tile a notice of appeal.

[2] The United States Attorney's Office received a copy of the motion on October 20, 2003 and forwarded it to the Clerk's of Court for filing when it was discovered that no § 2255 motion had been filed.  Even assuming, *arguendo*, that the motion was filed when placed in the prison mailbox to be mailed to the United States Attorney, it would still be several months out of time.